HOSIDEN CORP., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 91–10–00720

(Dated February 24, 1992)

*Adduci, Mastriani, Meeks & Schill,* (Louis Mastriani, Ralph H. Sheppard, Anri Suzuki, and Gregory C. Anthes), for plaintiff Hosiden.

*Stuart M. Gerson,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Vanessa P. Sciarra*), *Gregory Shorin,* Of Counsel, Attorney-Advisor, Office of the Chief Counsel for International Trade, United States Department of Commerce, for defendant.

## MEMORANDUM OPINION AND ORDER

GOLDBERG, *Judge:* This action is before the court on plaintiff Hosiden's motion to amend the administrative record, or in the alternative to remand the proceeding, and its motion for discovery conference.

## BACKGROUND

This dispute arises out of a final determination of the United States Department of Commerce International Trade Administration ("ITA") that plaintiff Hosiden, as well as numerous other parties, made sales of high information content flat panel displays in the United States at less than fair value. 56 Fed. Reg. 32376 (July 8, 1991).

In the course of its dumping investigation, the ITA commenced verification of information received from plaintiff Hosiden. As a part of the verification, the ITA sought the assistance of technical consultant Dr. David Morton. Dr. Morton prepared an initial verification report dated May 20, 1991, that was made available to plaintiff Hosiden. Plaintiff Hosiden was then permitted to submit briefs in connection with the verification process.

After the briefs were filed, the ITA requested clarification from Dr. Morton of certain information he reviewed. In response, Dr. Morton prepared a confidential supplemental report dated June 26, 1991. The ITA relied, in part, on this supplemental report in preparing a constructed value calculation adjustment memorandum dated July 5, 1991.

Plaintiff Hosiden first learned of Dr. Morton's supplemental report on July 15, 1991, when the ITA conducted a disclosure conference to discuss the calculation methodology used in the final determination. Plaintiff Hosiden acknowledges that the ITA informally provided Dr. Morton's June 26, 1991 report to it in late July, 1991.

Additionally, Dr. Morton's June 26, 1991 report and the July 5, 1991 calculation adjustment memorandum are part of the confidential por-

tion of the administrative record filed with this court in the action. A public version of the July 5, 1991 calculation memorandum is also included in the public document portion of the administrative record.[1]

DISCUSSION

In its motion to amend the administrative record, or in the alternative to remand the proceeding, plaintiff Hosiden asks this court to remove Dr. Morton's June 26, 1991 report and the related July 5, 1991 memorandum from the administrative record. Alternatively, plaintiff Hosiden seeks a remand to provide it with the opportunity to comment upon the report at the agency level. In its motion for a discovery conference, plaintiff Hosiden seeks discovery regarding the ITA's failure to notify plaintiff Hosiden of the existence of Dr. Morton's supplemental report and its failure to place the June 26, 1991 report into the public record.

The court first turns to plaintiff Hosiden's motion to amend the administrative record. The ITA is statutorily required to include in the administrative record all documents upon which it relies. 19 U.S.C. § 1516a(b)(2)(A). Since Dr. Morton's June 26, 1991 report and the calculation adjustment memorandum were actually examined by the ITA, these documents are properly part of the administrative record. Plaintiff Hosiden's argument that the June 26, 1991 supplemental report should be omitted because a public version was not created is extraneous. It does not alter the fact that the ITA indeed used this document, and that it, therefore, must be incorporated into the administrative record. The motion to amend the administrative record is hereby denied.

Next, plaintiff Hosiden seeks remand permitting it to comment on Dr. Morton's supplemental report at the administrative level.

The ITA's obligation to maintain a record is "for purposes of judicial review." The participating party's right "is to be more fully aware of the presentation of information to the administering authority." *Timken Co. v. United States*, 699 F. Supp. 300 (CIT 1988). Consequently, *Timken* found that a party's rights were not automatically violated although it was prevented from commenting on a particular document because the record was replete with evidence of the party's previous involvement in the action.

The court finds here that plaintiff Hosiden has likewise not carried its burden of showing that its rights were significantly abridged. Dr. Morton's June 26, 1991 report was prepared only thirteen days prior to the publication of the final determination. Had plaintiff Hosiden been aware of the report prior to the final determination, it could not have submitted responsive factual information to the ITA.[2] The ITA provided plaintiff Hosiden with a copy of Dr. Morton's supplemental report

---

[1] It appears a public version of Dr. Morton's supplemental report was never prepared.

[2] 19 C.F.R. 353.31(a)(i) (1991) provides that:

submission of factual information for the Secretary's consideration shall be submitted not later than:

(i) For the Secretary's final determination, seven days before the scheduled date on which the verification is to commence * * *.

in late July, 1991. Additionally, the ITA properly included Dr. Morton's June 26, 1991 report as well as confidential and public versions of the related July 5, 1991 memorandum in the administrative record filed with this court. Therefore, plaintiff Hosiden has all the information presented to the ITA available to it now. It retains the ability to present all arguments concerning the documents which it could have presented to the ITA within the context of its 56.1 and Reply briefs.

Further, because the entire record is before this court, the court will be able to conduct a comprehensive review after the action is finally submitted, pursuant to its statutory mandate, to ascertain whether the ITA's decision was "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B) (1990). Therefore, this court finds that plaintiff Hosiden's right to full knowledge of the information considered by the ITA has not been restricted.

Moreover, the court notes that granting the requested remand would serve only to unnecessarily delay the final resolution of this action at the unwarranted expense of the public's interest in expeditious litigation.

Accordingly, plaintiff Hosiden's request for remand is denied.

In regard to plaintiff Hosiden's motion for discovery conference, this court notes that the scope of judicial review is normally confined to information contained in the administrative record. Discovery outside the record is usually granted only where the requesting party makes a "strong showing of bad faith or improper behavior" by the officials involved. *Saha Thai Steel Pipe Co. v. United States*, 661 F. Supp. 1198, 1201 (CIT 1987). Plaintiff Hosiden has made no showing here of bad faith or improper action, nor has it demonstrated how such discovery, even if permitted, would benefit the court or the parties. The motion is also denied.

### Conclusion

Plaintiff Hosiden's motions to amend the administrative record, or in the alternative to remand the proceeding, and motion for discovery conference are hereby denied.